OVERSTREET *et al.*, executors, *et al.*  *v.* REDDICK, administrator, *et al.*

A policy of fire-insurance upon a house was issued in favor of the life-tenant thereof.   After her death the house was destroyed by fire, and the amount of the policy was paid by the insurance company to her administrator, who

subsequently died. *Held*: Regardless of whether or not the estate of the life-tenant would have been entitled in law to recover from the insurance company in an action on the policy, the money having been paid by the company to her administrator, it was held by him in trust for her estate, and was a charge against the estate of the administrator, subject to the provisions of the Civil Code, § 3424, paragraph 5.

Submitted February 12,—Decided March 13, 1903.

Equitable petition.    Before Judge Evans.    Screven superior court.    February 11, 1902.

*E. K. Overstreet* and *Wilson & Rogers*, for plaintiffs in error.

CANDLER, J.    This was a petition to marshal assets, and for direction, filed in Screven superior court by Reddick, administrator of the estate of John R. Conner.    The allegations of the petition were agreed upon by the parties as a true statement of facts, and were by consent passed upon by the judge without the intervention of a jury.    The portion of the petition which is germane to this discussion was substantially as follows:    The deceased, John R. Conner, was, at the time of his death on September 7, 1897, administrator of the estate of his wife, Susan A. Conner, who died July 30, 1895.    After the death of John R. Conner, W. R. Sullivan was appointed administrator de bonis non of the estate of Susan A. Conner.    In 1893 Susan A. Conner took out a policy of fire-insurance upon property in which she had a life-estate with remainder to her children.    On December 12, 1895, several months after the death of the life-tenant, the property was destroyed by fire, and on December 21, 1895, the agent of the insurance company paid to John R. Conner, as her administrator, $1,600 in full settlement of all claims arising out of the policy. The debts due by the estate of John R. Conner were enumerated, among them being an unpaid balance claimed by Woods & Malone, a partnership of Chatham county, on a mortgage given them by John R. Conner.    The petition also set out the assets of the estate, and prayed for a decree marshaling the assets of the estate in the name of the petitioner and giving him general direction in paying out the monies arising from the sale of the property of the estate and the collection of any monies due thereto, and ordering a sale of the property.    The administrator de bonis non and the heirs at law of Susan A. Conner, the creditors of the estate of John R. Conner, and the insurance company which issued the policy heretofore referred to, were made parties defendant.    The

petition contained much other matter, which we do not deem it necessary to mention, as it has no bearing upon the questions presented for determination by this court.

On this petition, as an agreed statement of facts, the court decreed that the petitioner convert the estate of John R. Conner into money as soon as practicable, and leave was granted him to sell the entire estate without first applying to the court of ordinary for an order therefor. The decree then provided for the distribution of the estate in the following order:   (1) Expenses of administration, including attorneys' fees; (2) unpaid taxes, including those to accrue before the distribution should take place; (3) to Sullivan, as administrator de bonis non of the estate of Susan A. Conner, the amount collected by the decedent, as administrator, upon the policy of fire-insurance heretofore mentioned, less the distributive shares of certain heirs of Susan A. Conner, the decree providing that "the debts herein named shall be paid from the fund arising from the general estate, exclusive of the land upon which Woods & Malone had a mortgage, if sufficient, and, if not sufficient, the deficit to be made up from the funds arising from the sale of the land embraced in the Woods & Malone mortgage;" (4) "next in order to be paid is the Woods & Malone mortgage, first applying the proceeds of the land embraced in the mortgage, and if that be insufficient, and there is a general fund, as to the balance of said mortgage debt it is to rank and participate as the other note creditors named in the succeeding paragraph;" (5) certain note creditors enumerated in the petition; and (6) certain other creditors holding accounts against the estate of John R. Conner.   Woods & Malone and the executors of Causey Overstreet, who were creditors of the estate of John R. Conner, excepted to this decree.   They assign error upon the ruling of the court that the money collected from the insurance company was a part of the estate of Susan A. Conner in the hands of her administrator for distribution, and directing the petitioner to pay the same to Sullivan, the administrator de bonis non of her estate; and upon "the finding of the judge . . that the indebtedness due to Woods & Malone is not a first claim on the land covered by the mortgage to the said Woods & Malone."

In the view that we take of this case, it is not necessary to consider the question whether the amount of the policy of fire-insur-

ance taken out by Susan A. Conner upon the property in which she held only a life-estate could have been recovered after her death by her administrator, in an action against the insurance company, it appearing that at the time of the fire her life-estate had terminated, and that neither she nor her estate had any insurable interest in the property.    This is not a contest between the insurrance company and the estate of Mrs. Conner.    It may be admitted, for the sake of the argument, that the payment of the $1,600 by the insurance company was purely a donation, and that it was under no legal or moral obligation to make that payment. The fact remains that it did make payment, and that the money was paid to John R. Conner in his representative capacity of administrator of the estate of Susan A. Conner.    We know of no law by which such funds can be considered the individual property of the administrator and subject to the payment of his individual debts.    The insurance company paid the money to John R. Conner, administrator, not to John R. Conner individually.    The fact that it was under no obligation to pay it to John R. Conner, administrator, does not render the money when so paid the property of John R. Conner individually.    That being true, the court below was clearly right in holding "that the money collected by John R. Conner, temporary administrator of Susan A. Conner, is a part of the estate of Susan A. Conner in the hands of a lawfully appointed administrator for distribution, and upon the death of that administrator his estate was liable to the administrator de bonis non of the life-tenant."    The decision of this question adversely to the plaintiffs in error carries with it a decision against them of the point made as to the priority of the debt due to Woods & Malone by the estate of John R. Conner.    In that respect the court below followed the rule of distribution laid down in the Civil Code, § 3424, which clearly lays down the law governing this case.

In view of the fact that only two of the parties defendant to the petition in the court below are plaintiffs in error before this court, and that they except only to certain portions of the decree rendered, which have been pointed out, we have carefully refrained from setting out any more of the pleadings or the decree than was necessary to make plain the adjudication of their rights.

*Judgment affirmed.    By five Justices.*